IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Custom Companies, Inc., *an Illinois corporation*, Circle W Trucking, Inc., *a Missouri corporation*, CDN Logistics, Inc., *an Illinois corporation, and* Custom Logistics, LLC, *a Delaware limited liability company*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Peoplease Corporation, *a South Carolina corporation*,<br><br>　　　　　Defendant. | Civil Action No. 2:17-1311-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiffs' motion to remand. For the reasons set forth below, the Court denies the motion.

**I. Background**

Plaintiffs claim conversion and unjust enrichment against Defendant, alleging Defendant received and wrongfully retained money from Plaintiffs that was mistakenly wired to Defendant on January 4, 2017. Allegedly, Plaintiff The Custom Companies, Inc. wired $45,014.52 to Defendant, Plaintiff Circle W Trucking, Inc. wired $4,191.25 to Defendant, Plaintiff CDN Logistics, Inc. wired $438.03 to Defendant, and Plaintiff Custom Global Logistics, LLC wired $28,576.00 to Defendant. Plaintiffs filed the present action on May 19, 2017 in the Charleston County Court of Common Pleas. On May 26, 2017, Defendant removed to this Court. Plaintiffs now move to remand.

## II. Legal Standard

A federal district court is a court of limited jurisdiction and has a duty to dismiss a case whenever it appears that subject matter jurisdiction is lacking. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Moreover, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (internal quotation marks omitted).

"Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests firmly on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party has the burden of establishing that removal jurisdiction is proper. *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). The removal statute is strictly construed against removal jurisdiction, and any doubts as to jurisdiction weigh in favor of remand. *Id.* However, if the amount alleged in the complaint in good faith meets the amount in controversy threshold, then jurisdiction is established unless "it [is] a legal certainty that, at the time of the complaint, the plaintiff could not recover the requisite amount." *Shanaghan v. Cahill*, 58 F.3d 106, 111 (4th Cir. 1995).

## III. Discussion

"When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount . . . ." *Troy Bank of Troy, Ind., v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911). It is obvious from the face of the complaint that Plaintiffs here have separate and distinct demands, and that they have united their claims in a single complaint for convenience and economy. Each plaintiff seeks recovery for the specific amount that each Plaintiff separately wired to Defendant

on January 4, 2017. (Dkt. No. 1-1 ¶¶ 17–18.). Plaintiffs therefore move to remand because "no individual Plaintiff has a claim which meets the amount in controversy requirement to maintain an action in federal court under diversity jurisdiction." (Dkt. No. 4 at 1.)

However,

> When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a "civil action" within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005). The complaint asserts conversion and unjust enrichment claims for each Plaintiff, and seeks actual and punitive damages for each Plaintiff. Although punitive damages are not recoverable in equitable causes like unjust enrichment, *see Welborn v. Dixon*, 49 S.E. 232, 235 (S.C. 1904), "[p]unitive damages are recoverable in conversion cases in the event it is determined the defendant's acts have been willful, reckless, and/or committed with conscious indifference to the rights of others," *Oxford Fin. Companies, Inc. v. Burgess*, 402 S.E.2d 480, 482 (S.C. 1991). Plaintiffs therefore have stated a plausible claim for punitive damages. Further, it is certainly plausible that Custom Companies (which claims $45,014.52 in actual damages) and Custom Global (which claims $28,576.00 in actual damages) could recover punitive damages sufficient to make their individual recoveries greater than $75,000. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F.Supp.2d 530, 532 (D.S.C. 1999) (A "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount.").

Because there is at least one claim in the complaint over which the Court has original jurisdiction, the Court must deny Plaintiffs' motion to remand.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to remand (Dkt. No. 4).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 9, 2017
Charleston, South Carolina